IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS C. ROBERTS, | § | |
| | § | No. 85, 2016 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | C.A. No. 9962 |
| LAWRENCE TREPPEL, | § | |
| | § | |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: February 23, 2016
Decided: March 10, 2016

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

**O R D E R**

This 10th day of March 2016, upon consideration of the notice of interlocutory appeal, it appears to the Court that:

(1) The defendant-appellant, Thomas C. Roberts, is a member of the board of directors of EZCORP, a Delaware corporation and a nominal defendant below. The plaintiff-appellee, Lawrence Treppel, is an EZCORP shareholder who filed an amended stockholder derivative complaint challenging three advisory service agreements between EZCORP (which is controlled by Phillip Ean Cohen through two entities) and Madison Park LLC (another entity controlled by Cohen), which resulted in Cohen receiving a non-ratable benefit. Roberts served on the audit committee that approved two of the challenged transactions.

(2)     Roberts has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from the interlocutory memorandum opinion of the Court of Chancery dated January 25, 2016, as revised on January 27, 2016 ("Opinion"), and the order reconsidering in part and implementing the Opinion dated February 23, 2016 ("the Implementing Order").     Among other things, the Opinion and Implementing Order denied Robert's motion to dismiss the complaint under Court of Chancery Rules 23.1 and 12(b)(6).   The Opinion held that the entire fairness framework governed the challenged transactions.

(3)     Roberts filed his application for certification to take an interlocutory appeal in the Court of Chancery on February 4, 2016.  The Court of Chancery denied the certification application in a bench ruling on February 22, 2016 and an implementing order dated February 23, 2016.  In denying certification, the Court of Chancery noted that, while there was an arguable conflict in previous Court of Chancery decisions regarding the application of the entire fairness standard under analogous circumstances, the substantial weight of authority supported the application of the entire fairness standard.   Applying Supreme Court Rule 42, the Court of Chancery concluded that it was uncertain that the likely benefits of an interlocutory appeal would outweigh the probable costs; thus, certification should be refused.

(4)   We agree.  Applications for interlocutory review are addressed to the sound discretion of this Court.  In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the requirements of Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:

_____
Justice

3